IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON BESENDORFER,<br><br>Plaintiff,<br><br>v.<br><br>OLSON ASSOCIATES P.C. DBA OLSON SHANER *et al.*,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S [11] MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:24-cv-00557-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 8). Before the court is Plaintiff Jason Besendorfer's (Plaintiff) ex parte Motion for Alternative Service (Motion) (ECF 11). Plaintiff seeks to have service of process deemed complete and satisfied (ECF 11 at 2), or alternatively to serve Defendants Rob Kolkman and Constable Kolkman LLC (collectively, Defendants) pursuant to Federal Rule of Civil Procedure 5(b)(2)(B)–(C) (*id.* at 1). As set forth below, the court GRANTS IN PART and DENIES IN PART the Motion and authorizes service by mail only upon Defendant Rob Kolkman as discussed below.

I.   BACKGROUND

Plaintiff filed a complaint against Defendants to assert claims for violations of the Fair Debt Collection Practices Act and common law fraud (ECF 2). Plaintiff asks the court "to deem service of process complete and proper, or in the alternative, for leave to serve the Summons and Complaint on [Defendants]" via mail pursuant to Federal Rule of Civil Procedure 5 (ECF 11 at 1). As to his primary request, Plaintiff asserts that Defendants "already have notice of the claims against them" because Defendants' counsel has acknowledged receipt of the Complaint (*id.*; ECF

11-2 at 2). Plaintiff further asserts that Defendants are avoiding service of process based on four failed attempts to serve via process server (ECF 11 at 1; ECF 11-1 at 1). Plaintiff has also previously communicated with Defendants' counsel, David Gardner, regarding service, but Defendants' counsel stated he could not accept service on behalf of Defendants (ECF 11-2 at 1).

## II. LEGAL STANDARDS

The Supreme Court has held that due process requires service of process that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Federal Rule of Civil Procedure 4 dictates ways in which a defendant may be served. Of the enumerated methods, Rule 4 states that a domestic corporation or other unincorporated association "must be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual []." *See* Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) states that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

"Because [Plaintiff] filed this action in the District of Utah, Utah law applies." *See B&B Prospector Properties, LLC v. Daniel*, No. 2:23-CV-00416, 2023 WL 7701066, at *1 (D. Utah Nov. 15, 2023). When service using traditional means cannot be effectuated, Utah law provides alternative means of service is available when:

> ...the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, [ ] service upon all of the individual parties is impracticable under the circumstances, or [ ] there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.

Utah R. Civ. P. 4(d)(1)(E).

### III. DISCUSSION

**1. The Court Does Not Find That Service of Process Has Been Waived by Defendants.**

Plaintiff asks the court to deem service of process complete because "Defendants already have notice of the claims against them and have surely read and reviewed the Complaint with their attorney" (ECF 11 at 1). Under Utah law, "an initial complaint is filed and properly served under rule 4." *Wittingham, LLC v. TNE Ltd. P'ship*, 469 P.3d 1035, 1048 (Utah 2020). However, "the right to service of process can be waived either when a defendant expressly waives it or when a defendant implicitly waives it by participating in the proceedings without objecting to the court's jurisdiction." *Id.* Here, Plaintiff has not shown that the standard for waiver has been met as Defendants have neither expressly waived nor implicitly waived process of service by participating in the proceedings without objecting to the court's jurisdiction. *See id.* The court therefore declines to deem service "complete and satisfied" due to the absence of such evidence that shows whether Plaintiff has met their constitutional obligations for service (*see* ECF 11 at 2).

**2. Plaintiff May Serve Defendant Rob Kolkman by Certified Mail.**

In his alternative request, Plaintiff states that he is "ready, willing, and able to serve Defendants [] by emailing [] the Defendants' counsel" (ECF 11 at 2). In his Motion, Plaintiff included documentation showing Plaintiff's counsel's communication with Defendants' counsel, in which Plaintiff wrote, "[l]et me know by the end of the day if you accept service of process" (ECF 11-2 at 1). Defendants' counsel responded by saying "[l]et me speak with my client about accepting service, and I will get back to you" (*id.*). Defendants' counsel then responded eight days later stating, "I cannot accept service of process" (*id.*). In his Motion, Plaintiff also included a "Return of Non-service" document from his process server showing four attempts to serve Rob Kolkman at his residence (ECF 11-1 at 1). The process server noted that during two of the attempts they could hear activity inside the house, specifically noting, "someone likely evading" (*id.*).

A determination of reasonable diligence "properly focuses on the plaintiff's efforts to locate the defendant. "Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts...." *Ocasio v. Spenchian*, No. 2:19-CV-170-CW-DBP, 2019 WL 13220118, at *1 (D. Utah June 19, 2019) (quoting *Commonwealth Property Advocates, LLC., v. National City Mortgage, et al.*, 2010 WL 465843, *1 (D. Utah 2010)). This standard "does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance." *Id.* (quoting *Commonwealth Property Advocates, LLC*, 2010 WL 465843, at *1); *see also Blackbird Cap. LLC v. Worth Grp. Cap., LLC*, No. 221CV00037DBBDAO, 2021 WL 2322482, at *2 (D. Utah June 7, 2021) (finding reasonable diligence when plaintiff attempted service through counsel and process server).

The court finds Plaintiff has met his burden to make reasonably diligent efforts to serve Rob Kolkman based on evidence presented showing efforts to effect service at his residence and through counsel. There is also good cause to believe Rob Kolkman is avoiding service based on evidence presented that service was attempted at his home. For these reasons, the court finds that Plaintiff has met his obligations under Rule 4 as to Rob Kolkman. Although Defendants' counsel is responsive to email, counsel has no obligation to accept service on behalf of his client. *R.M. v. Dennis, Jackson, Martin & Fontela, P.A.*, No. 2:20-CV-00064-DB, 2020 WL 1309974, at *3 (D. Utah Mar. 19, 2020) ("[Defendant's] counsel had no *duty* to accept service[.]"). In the absence of supporting case law, the court orders alternative service via certified mail to Rob Kolkman's residential address.

3. **The Court Denies Plaintiff's Request for Alternative Service on Defendant Constable Kolkman LLC.**

Rule 4(d)(1)(E) of the Utah Rules of Civil Procedure states that service of process may be effected on "a managing or general agent, or other agent authorized by appointment or law to receive process." Service of process may be effected on "the person in charge of the place or business" if "no officer or agent can be found within the state." Utah R. Civ. P. 4(d)(1)(E). Here, Plaintiff has not provided sufficient information for the court to determine whether Rob Kolkman is an agent authorized to receive process. In his Complaint, Plaintiff states that "Defendant Rob Kolkman is an individual who committed, participated in, and financially benefitted from the conduct discussed herein," but does not state Rob Kolkman's relationship to Constable Kolkman LLC. The court cannot assume that Rob Kolkman is an agent of Constable Kolkman LLC. Further, Plaintiff has only tried to effect service on Constable Kolkman LLC via email communications with Defendants' counsel (*see* ECF 11-2 at 2). For these reasons, the court does not find Plaintiff's efforts evidence that he "has engaged reasonable diligent steps to ascertain the Defendants' whereabouts and to properly effectuate service." *See Ocasio*, 2019 WL 13220118, at *2. For these reasons, the court finds Plaintiff has not met his obligation under Rule 4 and therefore the court denies the Motion as to the request for alternative service for Defendant Constable Kolkman LLC.

## CONCLUSION AND ORDER

Having considered the Motion IT IS HEREBY ORDERED:

(A) The Motion is GRANTED IN PART as to Rob Kolkman and DENIED IN PART as to Constable Kolkman LLC.

(B) The deadline for service of process for Defendants Rob Kolkman and Constable Kolkman LLC is extended by thirty (30) days.

(C) Plaintiff may effect service of its complaint on Rob Kolkman by sending the complaint

via certified mail to Rob Kolkman's residential address: 6928 West Hunter Valley Drive, West Valley, Utah 84128.

(D) Service of the summons and complaint will be complete once Plaintiff receives confirmation that the summons and complaint have been mailed to Rob Kolkman's residence.

(E) Plaintiff shall file a declaration or proof of service once service is complete.

 IT IS SO ORDERED.

DATED this 12 December 2024.

 *Cecilia M. Romero*
 Magistrate Judge Cecilia M. Romero
 United States District Court for the District of Utah